NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARNELL J. LEWIS,

  Petitioner-Appellant,

v.

RYAN THORNELL\*, Director;
ATTORNEY GENERAL FOR THE STATE
OF ARIZONA,

  Respondents-Appellees.

No.  22-16481

D.C. No. 4:20-cv-00223-CKJ

MEMORANDUM\*\*

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted February 9, 2024\*\*\*
Phoenix, Arizona

Before:  BERZON, HURWITZ, and JOHNSTONE, Circuit Judges.

---

\*      Ryan Thornell, the Director of the Arizona Department of
Corrections, Rehabilitation, and Reentry, is substituted for his predecessor, David
Shinn. Fed. R. App. P. 43(c)(2).

\*\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Darnell Lewis appeals the district court's order dismissing his 28 U.S.C. § 2254 habeas petition, which found his claim of ineffective assistance of counsel untimely and procedurally defaulted. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the dismissal of a habeas petition, "including questions of procedural default." *Leeds v. Russell*, 75 F.4th 1009, 1016 (9th Cir. 2023). We assume the parties' familiarity with the facts of this case and recite them only as necessary. We affirm.

Even if Lewis was entitled to equitable tolling and his habeas petition was therefore timely filed (which we do not decide), his claim of ineffective assistance is procedurally defaulted and therefore cannot be considered unless he establishes "cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012). A petitioner seeking to establish cause in these circumstances must show that post-conviction counsel was ineffective—under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984)—by failing to raise the defaulted claim in initial post-conviction proceedings. *Leeds*, 75 F.4th at 1017. The *Strickland* standard is applied "with full force" to the evaluation of *Martinez* cause. *Id.* at 1022.

Lewis has not overcome the "strong presumption" that the performance of his post-conviction counsel fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. At the time the state post-conviction

petition was filed, there was widespread confusion about the availability of parole for first degree murder in Arizona, and an Arizona Supreme Court case, later disapproved, stated that parole for first degree murder was available. *See State v. Cruz*, 181 P.3d 196, 207 (Ariz. 2008); *see also Cruz v. Arizona*, 598 U.S. 17, 21–22 (2023). The practice of lawyers and judges often assumed the availability of parole, and many defendants had been given sentences that included the possibility of parole despite the statute abolishing parole. Further, Lewis had already received a sentence providing that he was eligible for parole after 25 years. Given those circumstances, it was reasonable for Lewis's post-conviction counsel not to raise a claim of ineffective assistance of counsel related to Lewis's illegally lenient sentence. *See Strickland*, 466 U.S. at 688. Nor is there, for similar reasons, a "reasonable probability" that raising such a claim "would have altered the result" of his initial post-conviction proceedings. *Djerf v. Ryan*, 931 F.3d 870, 880 (9th Cir. 2019).

    **AFFIRMED.**